HENRY RIECK v. CITY OF OMAHA.

FILED APRIL 19, 1905. No. 13,738.

Eminent Domain: MORTGAGE. When a city by the power of eminent domain acquires a strip of mortgaged land for street purposes without making the mortgagee a party to the proceedings, and pays the condemnation money to the mortgagor, in good faith and without objection, it is discharged from its obligation, but takes the land subject to the lien of the mortgage, if of record.

ERROR to the district court for Douglas county: CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*Charles Battelle,* for plaintiff in error.

*C. C. Wright, W. H. Herdman* and *A. G. Ellick, contra.*

AMES, C.

This case comes here without a bill of exceptions and upon the pleadings and decree alone. There is no dispute with reference to interpretation or about the facts. The plaintiff was the owner of mortgage liens upon a tract of land in the city of Omaha. The city by legal proceedings, in the exercise of the power of eminent domain, appropriated a strip out of the tract for highway purposes, without making the plaintiff or his assignor, the mortgagee, a party. Damages in the sum of $1,000 were awarded and paid to the mortgagor. The plaintiff foreclosed his mortgages upon the residue of the tract, and the proceeds of a sale under the decree were deficient of the sum requisite to satisfy the mortgage debt by something like $2,000. After confirmation and deed, the plaintiff begun this action against both the mortgagor and the city, reciting the foregoing facts at length in his petition and praying, in the alternative, that he have a judgment against the city for $1,000, the amount of the award, or a decree of foreclosure and sale for the amount of his deficiency against the strip of land. The court awarded him the latter relief, and he brings the cause here by a petition in error, alleging that the court erred "in rendering a decree of foreclosure against the real estate instead of rendering a money judgment."

We are of opinion that the trial court did not err. The plaintiff was not a party to the condemnation proceedings and the lien of his mortgage was not affected thereby. There is authority for holding that if he had intervened in that proceeding, or had sought by any appropriate means to impound the fund before its payment to the mortgagor, he might have succeeded in so doing, but although it may be true that he had an equitable lien on

the award, it was not of such a nature as, in the absence of such proceedings, to impose upon the city the character of a trustee bound to see to the application of the condemnation money. We do not see · that under these circumstances the city is in a different situation than the ordinary vendee of the equity of redemption of mortgaged lands, which it would have been competent for it to have become with respect to the strip in suit. But such a vendee, in the absence of insolvency or fraud, neither of which is alleged here, is discharged of his obligation by payment to his vendor. In such a case, of course, he takes the property subject to the lien of the mortgage, and so we think did the city in the present instance. For these reasons, we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.